**UNITED STATES of America**

v.

**Alexander L. GUTERMA et al., Defendants.**

**Crim. No. 45776.**

United States District Court
E. D. New York.

June 16, 1959.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., for the motion.

Richard H. Wels, New York City, for defendant, in opposition.

RAYFIEL, District Judge.

The United States Attorney for this District has applied for an order permitting him or his assistants or other agents of the Government to examine the contents of certain safes and cartons now being held by Fisher & Brothers (Auto Van and Warehouse Corporation), and to retain various books, records and docu-

ments therein contained, and more particularly described in a subpoena, dated June 3, 1959, served upon said Fisher & Brothers. The books in question, which were placed in storage with Fisher & Brothers by the defendant Guterma, are intended for use before a Grand Jury of this Court.

The United States Attorney also caused to be served upon Guterma a subpoena directing him to appear and testify before the Grand Jury and bring with him "all books, records, papers and documents of Chatham Corporation from January 1, 1957 to December 31, 1957, relating to the sale of $1,250,000 worth of TV time to Bon Ami Corporation and the purchase of that time from Guild Films or Commercial Fidelity Corporation on or about June 20, 1957."

On March 23, 1959 an indictment was filed charging Guterma with various crimes. The Grand Jury which returned the indictment has not been discharged, and still has under investigation and consideration other alleged offenses related to those charged in said indictment.

The defendant opposes the Government's application for leave to examine the contents of the safes and cartons stored with Fisher & Brothers on the ground that it would be violative of his rights under the 4th and 5th Amendments of the Constitution of the United States. The subpoena served on Fisher & Brothers commands the production of books, papers and documents of Guterma as well as a number of corporations therein named, of which Guterma is claimed to be or to have been an officer, or of which he has or has had control.

■ It is well settled that a corporation is not a "person" within the meaning of the 5th Amendment of the Constitution. In Oklahoma Press Publishing Co. v. Walling, Wage and Hour Administrator, 327 U.S. 186, at page 208, 66 S.Ct. 494, at page 505, 90 L.Ed. 614, the Court said that, so far as the production of corporate records and papers in response to a subpoena or order authorized by law may be involved, "the

Fifth Amendment affords no protection by virtue of the self-incrimination provision, whether for the corporation or for its officers." See also Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771.

■ As hereinabove stated, the subpoena served upon Guterma requires him to appear and testify before the Grand Jury and produce the records of Chatham Corporation. The defendant moved under Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. to quash said subpoena. On the authority of Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542; Schwimmer v. United States, 8 Cir., 232 F.2d 855, certiorari denied 352 U.S. 833, 77 S.Ct. 48, 1 L.Ed.2d 52, and numerous other cases, Guterma may not be required to testify before the Grand Jury. Recognizing that fact, the United States Attorney, on the argument of the motion, waived Guterma's personal appearance before the Grand Jury, except for the purpose of identifying the books and records of Chatham Corporation, and agreed to the substitution in his place and stead, even for such purpose, of any qualified person who could and would make such identification. For the aforementioned reasons the books and records of Chatham Corporation will be produced before the Grand Jury on the date agreed or to be agreed upon, or fixed by the Court, except for which and the identification of such records, the subpoena served upon Guterma is quashed.

■ Since the books, records and documents stored with Fisher & Brothers are voluminous, and may consist, in part, of private and personal records of Guterma, inspection thereof for the purpose of identification will be made under the supervision of the Court to preclude, so far as may be possible, access to such private records by the United States Attorney or the Grand Jury, in violation of Guterma's rights under the 4th and

5th Amendments of the Constitution. However, Guterma will, if necessary, be required to appear before the Grand Jury to identify or authenticate such of the records and documents in question as are found to be corporate. See United States v. Austin-Bagley Corporation, 2 Cir., 31 F.2d 229, 233.

The books, documents and records stored with Fisher & Brothers will be delivered to the Court at the expense of the Government, and will be impounded for inspection by the Court, as aforementioned.

Settle order on notice.